# IN THE UNITED STATES DISTRICT COURT
# FOR THE WESTERN DISTRICT OF PENNSYLVANIA

| | | |
|---|---|---|
| FRANKLIN V. ZURZOLO, | ) | |
| | ) | |
| Petitioner | ) | |
| | ) | |
| vs. | ) | Civil Action No. 09-535 |
| | ) | |
| GERALD L. ROZUM; THE ATTORNEY GENERAL OF THE STATES OF PENNSYLVANIA; THE DISTRICT ATTORNEY OF THE COUNTY OF BUTLER, | ) ) ) ) ) | Judge Arthur J. Schwab/ Magistrate Judge Francis X. Caiazza |
| | ) | |
| Respondents | ) | |

## MAGISTRATE JUDGE'S REPORT AND RECOMMENDATION

### RECOMMENDATION

It is respectfully recommended that the Section 2254 habeas petition be denied and that a certificate of appealability likewise be denied.

### REPORT

Franklin V. Zurzolo ("Petitioner"), a state prisoner, currently serving a sentence for the attempted murder of his estranged wife, has filed a Section 2254 habeas petition, challenging his plea to the charges of, *inter alia*, attempted murder, illegal firearms possession and reckless endangerment. Because Petitioner fails to establish that the State Court decisions addressing his claims were contrary to or an unreasonable application of Supreme Court precedent, his petition should be denied. As to those claims that the State Courts did not address, they cannot serve as a basis for relief now because Petitioner procedurally defaulted those claims.

1

**Relevant Factual and Procedural History**

Petitioner is proceeding *pro* se. In his habeas petition, ECF No. [1], he raises the following issues:

> GROUND ONE: Trial court abused its discretion at sentencing by failing to consider all relevant factors . . . . Trial court failed to take into consideration at the time of sentencing the Petitioner's mental health status, rehabilitative needs and dru[g] dependency.

[ECF No. [1] at 5[1]]

> GROUND TWO: Sentence imposed by the trial court was clearly unreasonable. . . . Petitioner was sentenced to 15 to 30 years, although he had been offered a plea of 10 to 20 years. There was no reason for the judge to exceed the sentence originally deemed appropriate by the attorney for the Commonwealth.

[Id. at 9[2]]

> GROUND THREE: Ineffective assistance of trial counsel . . . . 1. Trial counsel told Petitioner that if he plead guilty he would get no more than 10 to 20 years. 2. Trial counsel refused to file motions necessary for the preparation of an effective defense. 3. Trial counsel allowed, and participated, in the Petitioner being tricked into pleading guilty. Plea was not knowing or voluntary.

[Id. at 10]

> GROUND FOUR: Ineffective assistance of Direct Appeal Counsel . . . . Direct appeal counsel should have raised issue of plea not being knowing and voluntary on direct appeal, and did not.

Id. at 12.

The Respondents through the District Attorney of Butler County filed an answer, ECF No. [19], in which they argued that Petitioner failed to show entitlement to habeas

---

[1] References to page numbers in docketed materials are references to the page numbers generated by ECF.
[2] We deem Grounds One and Two to be substantially the same issues as Petitioner presented to the State Superior Court on direct appeal. ECF No. [19-1] at 76.

relief. More specifically, the Respondents pointed out Petitioner failed to establish that the State Courts' adjudication of his claims was either contrary to or an unreasonable application of Supreme Court precedent. See, e.g., ECF No. [19] at 17.

Petitioner was permitted to file, in essence, a supplement to his habeas petition. See ECF No. [14] (order directing that Exhibit B of ECF No. [12] be filed as a supplement] and ECF No. [20] (the supplement). In that supplement, Petitioner raised many issues that he concededly did not raise in his counseled PCRA petition, and so consequently, did not raise on appeal of the PCRA petition. See ECF No. [12] at 2, ¶ 7 ("Although the issues listed in the 31 pages (attached hereto as Exhibit –B) were raised in the Petitioner's [uncounseled] petition for post conviction relief, the attorney appointed at the time amended the petition and included none of the issues."). The Court directed the Respondents to file a response to the supplemental petition. ECF No. [23]. The Respondents did so and argued therein that the issues raised in the supplemental petition were both un-exhausted and procedurally defaulted. ECF No. [26]

**Applicable Legal Principles**

The Antiterrorism and Effective Death Penalty Act of 1996, Pub. L. No. 104-132, tit. I, §101 (1996) (AEDPA), which amended the standards for reviewing state court judgments in federal habeas petitions, filed under 28 U.S.C. § 2254, became effective on April 24, 1996. Because Petitioner's habeas petition was filed in the year 2009, AEDPA is applicable to this case. Werts v. Vaughn, 228 F.3d 178, 195 (3d Cir. 2000).

Where the state courts have reviewed a federal issue presented to them and disposed of the issue on the merits, and that issue is also raised in a federal habeas petition, AEDPA provides

the applicable deferential standards by which the federal habeas court is to review the state courts' disposition of that issue. See 28 U.S.C. § 2254(d) and (e). In order to merit habeas relief, AEDPA places the burden on Petitioner to show that the state courts' adjudication of his claims was contrary to or an unreasonable application of then-existing United States Supreme Court precedent or, in the alternative to show that the state courts' factual determinations were unreasonable. Williams v. Taylor, 529 U.S. 362 (2000).

**Discussion**

On July 3, 2002 Petitioner shot his then-wife, Nancy Zurzulo multiple times. Petitioner had a history of drug dependency as well as a history of mental health issues. Following the shooting of his wife, Petitioner shot himself in an apparent suicide attempt. ECF No. [19-1] at 81. On January 23, 2003, pursuant to a negotiated plea bargain, Petitioner pled guilty to one count of attempted homicide with all other charges dismissed. The plea agreement called for Petitioner to be sentenced to 10 to 20 years. Subsequently, Petitioner was granted permission to withdraw his plea so that he could explore the possibility of an insanity defense. The trial court ordered that a Dr. Wettstein conduct a psychiatric evaluation of Petitioner and provide his report to Petitioner and Petitioner's counsel. The report was not favorable to Petitioner. Consequently, Petitioner pleaded guilty a second time but this time, it was an "open" plea, meaning that there was no agreement as to the time Petitioner would be sentenced to. Petitioner pleaded *nolo contendere* to attempted homicide and received a 15 to 30 year sentence, with any other sentence running concurrent to the 15 to 30 year sentence.

We will address Petitioner's first and second claims together, as they both relate to the trial Court's sentencing of Petitioner. Petitioner's first claim is that the trial court abused its

discretion by sentencing him to 15 to 30 years when previously he had been given a plea deal of 10 to 20 years. His second claim is that the sentence imposed was unreasonable. The trouble with these claims is that they appear to raise solely issues of state law.

Federal habeas relief exists only for violations of federal law. Violations of state law do not, as a general rule, provide a basis for the grant of federal habeas relief. Engle v. Isaac, 456 U.S. 107 (1982); Wells v. Petsock, 941 F.2d 253 (3d Cir. 1991). Sentencing is generally considered a matter of state criminal procedure, which does not fall within the purview of federal habeas review. See 28 U.S.C. § 2254(a); Estelle v. McGuire, 502 U.S. 62, 67 (1991) ("We have stated many times that 'federal habeas corpus relief does not lie for errors of state law.'") (quoting Lewis v. Jeffers, 497 U.S. 764, 780 (1990)). A claim of an excessive sentence or an abuse of discretion in sentencing is not cognizable in federal habeas. See, e.g., Wilson v. Briley, 243 F.3d 325 (7th Cir. 2001);[3] Williams v. Borg, 139 F.3d 737, 740 (9th Cir. 1998) (federal habeas relief is available "only for constitutional violation, not for abuse of discretion."); Yarbrough v. Klopotoski, No. 09-0336, 2009 WL 4810553, at *28 (E.D.Pa. Oct. 30, 2009) (rejecting a claim that the sentence was manifestly excessive, the court held: "This claim alleges only a violation of

---

[3] In Wilson v. Briley, 243 F.3d 325 (7th Cir. 2001), the court explained that

> "Abuse of discretion" and "improper factors" are not terms that Illinois lawyers and judges, by quirk of local legal idiom, use to articulate constitutional arguments. To the contrary, abuse-of-discretion arguments are ubiquitous, and most often they have little or nothing to do with constitutional safeguards . . . . Indeed, the fact that Wilson relied upon state cases which engaged in a non-constitutional analysis based solely on state law principles belies the notion that the Illinois appellate court should have understood that Wilson was invoking his rights under the U.S. constitution.

Id. at 328 (citations omitted).

Pennsylvania law, and not a violation of the federal Constitution. . . . Thus, this claim is not cognizable in a federal habeas proceeding."), *report adopted by*, 2009 WL 4673862 (E.D.Pa. Dec. 8, 2009). Unless a habeas petitioner asserts that a State sentence constitutes cruel and unusual punishment prohibited by the Eighth Amendment, or that it is arbitrary and capricious in violation of substantive due process, the legality of a sentence is purely a question of state law. See, e.g., Chapman v. United States, 500 U.S. 453, 465 (1991); Jones v. Superintendent of Rahway State Prison, 725 F.2d 40, 42- 43 (3d Cir. 1984).

A review of Petitioner's State Court filings reveals that Petitioner did not raise in any manner[4] either an Eighth Amendment or Fourteenth Amendment claim before either the State trial court or the State Superior Court on direct appeal nor was such a claim raised on appeal in the PCRA proceedings. Hence, we find that any federal constitutional issue with respect to the sentence has been waived and, because any such constitutional claim cannot now be presented to the State Courts, given the one year PCRA statute of limitations, such a claim has also been procedurally defaulted. Tome v. Stickman, 167 F.App'x 320, 324-25 (3d Cir. 2006) ("Tome is now time barred from filing a second PCRA petition presenting such a claim. See 42 Pa. Cons.Stat. § 9545(b) (setting a one-year jurisdictional statute of limitations for PCRA actions). Consequently . . . Tome has procedurally defaulted his claim[.]").

Alternatively, to the extent that Petitioner's raising of these two sentencing claims could be construed to have raised a federal constitutional claim, we find that Petitioner has failed to establish that the State Court's adjudication of these claims was contrary to or an unreasonable

---

[4] See, e.g., McCandless v. Vaughn, 172 F.3d 255, 261 (3d Cir. 1999) (explaining methods by which a State prisoner could alert State Courts to a federal constitutional claim).

6

application of United States Supreme Court precedent. Petitioner has not even argued that the State Courts' adjudication of these two claims was contrary to or an unreasonable application of any specific Supreme Court precedent. For this reason alone, he fails to carry his burden to show entitlement to federal habeas relief.

Nor do we find that the State Courts' adjudication of these two claims was contrary to or an unreasonable application of Supreme Court precedent. See, e.g., ECF No. [19-2] at 20 to 25 (Superior Court reviewed the trial court's statements at sentencing and observed that the trial court noted its deep familiarity with Petitioner and his background, as well as familiarity with the pre-sentence report and concluding that "[o]ur independent review satisfies us that the sentencing court was well aware of Zurzolo's mental health status, rehabilitative needs, and drug dependency at the time of the commission of the crime. We are unable to find that the sentence imposed was unreasonable."). Id. at 24 to 25. We will construe the Superior Court's conclusion that Petitioner's sentence was not unreasonable to be a finding that it was neither arbitrary nor capricious in violation of the Fourteenth Amendment nor did the sentence constitute cruel and unusual punishment in violation of the Eighth Amendment. Construed as such, we find that the Superior Court's adjudication was neither contrary to nor an unreasonable application of Supreme Court precedent. Accordingly, these two issues do not merit the grant of relief.

The third ground raised by Petitioner is a claim of ineffective assistance of trial counsel based upon three different factual contentions. First, Petitioner claims trial counsel was ineffective for telling Petitioner that if Petitioner pled guilty he would get no more than 10 to 20 years. Second, Petitioner contends Trial counsel was ineffective because counsel refused to file

7

motions necessary for the preparation of an effective defense. Third, Petitioner contends trial counsel was ineffective when trial counsel allowed, and participated, in the Petitioner being tricked into pleading guilty.

As an initial matter, we find these three claims of ineffectiveness to be procedurally defaulted because the sole issue of trial counsel's ineffectiveness, raised on appeal to the Superior Court in the PCRA proceedings, was the alleged ineffectiveness of trial counsel for failing to make sure that Dr. Wettstein (*i.e.*, the court appointed psychiatrist enlisted to determine whether Petitioner was insane at the time of the attempted murder) had all the medical records pertaining to the Petitioner so as to make an informed judgment. ECF No. [19-2] at 55 (Statement of the Questions Involved, listing as sole question on appeal: "WHETHER TRIAL COUNSEL WAS INEFFECTIVE FOR FAILING TO MAKE SURE DR. WETTSTEIN HAD ALL MEDICAL RECORDS PERTAINING TO THE PETITION?"). Having procedurally defaulted these issues, they cannot afford Petitioner relief now, absent a showing of cause and prejudice or a miscarriage of justice. Petitioner has not carried his burden to establish either.

In the alternative, we find that Petitioner has failed to carry his burden to show that the State Courts' adjudication of his claims was contrary to or an unreasonable application of Supreme Court precedent.

As to the first claim, *i.e.*, trial counsel told Petitioner that he would get only 10 to 20 years, the PCRA trial court conducted an evidentiary hearing wherein Petitioner testified as to what his trial counsel allegedly told him and the trial counsel testified as to what he told Petitioner. See, e.g., ECF No. [19-2] at 34 to 43 (PCRA trial court's opinion, recounting the testimony of Petitioner and his trial counsel). The PCRA trial court noted that Petitioner

testified that trial counsel allegedly told Petitioner that Petitioner would "probably do two years and [his sentence] would not exceed ten to twenty years." ECF No. [19-2] at 35. The PCRA trial court also noted that trial counsel, *i.e.*, Attorney Flaherty testified and denied telling Petitioner that he would only serve 2 years. ECF No. [19-2] at 38 to 39. The PCRA trial court resolved this credibility conflict in favor of trial counsel. Id. at 42 ("The Court finds the testimony of Attorneys Flaherty and Nedz [i.e., the attorney who represented Petitioner at his first guilty plea proceeding] to be credible."). Such a credibility determination is binding on this Court. Hence, Petitioner's ineffectiveness claim fails because the factual predicate of the claim, *i.e.,* trial counsel mislead him as to the potential sentence is simply unfounded. Accordingly, this issue does not afford Petitioner relief.

We find that the foregoing reasoning also disposes of Petitioner's two other claims of trial counsel's ineffectiveness as well. The PCRA trial court found the testimony of Petitioner's trial counsel more credible than Petitioner's version of the events. The PCRA trial court concluded that:

> [t]he evidence adduced by the defendant at the PCRA Hearing fails to demonstrate that defense counsel was either ineffective or induced him to plea. In fact, the evidence tends to show the opposite, that defense Counsel advised the defendant not to enter a non-negotiated plea [*i.e.*, a plea without a specific sentence being bargained for] in December, 2003. . . .
> Attorney Flaherty testified that following the evaluation by Dr. Wettstein, he reviewed the results of that examination with the defendant. The results of the report were not favorable to the defendant's case, and, according to Attorney Flaherty, he spoke with the defendant concerning other information that the defendant thought Dr. Wettstein may have needed to properly perform the evaluation. Attorney Flaherty states that such other information was not relevant to either the evaluation or to the defendant's case and he testified that the defendant was advised accordingly. Additionally, Attorney Flaherty testified that while he advised the defendant to enter into a negotiated plea agreement, he specifically advised the defendant not to enter in a non-negotiated plea.

9

> Furthermore, Attorney Flaherty testified that he advised the defendant concerning the ramifications of entering a plea of *nolo contendere* and at no time did he inform the defendant that entering a straight plea would result in a sentence of two years.
> The Court finds the testimony of Attorneys Flaherty and Nedz to be credible. While the defendant maintains that Attorney Flaherty manipulated him to enter a non-negotiated plea in order to avoid extra work associated with further representing the defendant, the Court notes that Attorney Flaherty . . . specifically testified that he advised the defendant not to enter a straight plea. Additionally, Attorney Flaherty testified that he advised the defendant concerning the ramifications of entering a *nolo* plea.. . . .
> The Court finds that the defendant has failed to meet his burden of demonstrating that he is entitled to relief. . . . Specifically, the defendant has failed to meet his burden of showing that the ineffective assistance of counsel induced him to enter a non-negotiated plea which included a plea of *nolo contendere* to the charge of Attempted Homicide. The testimony given by both Attorney Flaherty and Attorney Nedz contradicted the defendant's contention that his plea was unknowingly or involuntarily entered.

ECF No. [19-2] at 41 to 43. Petitioner fails to cite any specific Supreme Court case that the PCRA Court unreasonably applied or that was contrary to the PCRA trial court's disposition. Hence, for this reason alone, Petitioner fails to carry his burden. Nor do we find that the PCRA trial court's disposition of these issues was contrary to or an unreasonable application of Supreme Court precedent. Accordingly, these issues do not afford Petitioner relief.

Next, we take up Petitioner's fourth claim that his direct appeal counsel was ineffective for failing to raise trial counsel's alleged ineffectiveness. There are at least two problems with this claim. First, the claim was procedurally defaulted as it was not raised in the PCRA proceedings, at least not in the appeal to the Superior Court. ECF No. [19-2] at 60 (Appellate Brief to the Superior Court wherein the sole issue raised was a claim of ineffective assistance of trial counsel for failing to make sure Dr. Wettstein had all medical records available pertaining to the Petitioner.). Hence, this issue cannot afford Petitioner relief because Petitioner has not

shown cause and prejudice to excuse the default nor has he shown a miscarriage of justice. In the alternative, because the State Courts found Petitioner's trial counsel was not ineffective, a conclusion that we agree with, Petitioner's appellate counsel cannot be deemed ineffective for failing to raise a meritless issue. Werts v. Vaughn, 228 F.3d 178, 202 (3d Cir. 2000) ("counsel cannot be deemed ineffective for failing to raise a meritless claim").

Lastly, as to any claims raised in the supplement, we find them to have been procedurally defaulted. Petitioner himself acknowledges that although the claims he raises in the supplement are claims that he raised in his *pro se* PCRA petition, they were not raised in the amended PCRA petition filed by his appointed counsel. ECF No. [2] at 2, ¶ 7. Nor, consequently, were they raised on appeal in the PCRA proceedings. Hence, by his own admission, Petitioner concedes that he waived those claims under state law and, therefore, procedurally defaulted those claims under federal law. Because Petitioner has not carried his burden to show cause and prejudice or a miscarriage of justice, these claims cannot afford Petitioner relief.

Because none of Petitioner's claims merit relief, his habeas petition should be denied. In addition, because jurists of reason would not find it debatable that his claims are either procedurally defaulted or meritless, a certificate of appealability should also be denied.

## **CONCLUSION**

In accordance with the Magistrate Judges Act, 28 U.S.C. § 636(b)(1)(B) & (C), and Rule 72.D.2 of the Local Civil Rules, the parties are allowed fourteen days, to file written objections to this report. Failure to timely file objections will constitute a waiver of any appellate rights. Brightwell v. Lehman, __ F.3d __, 2011 WL 635274, *5 n.7 (3d Cir. Feb. 9, 2011).

/s/ Francis X. Caiazza
United States Magistrate Judge

Dated: April 27, 2011

cc: The Honorable Arthur J. Schwab
United States District Judge

Franklin V. Zurzolo
FP-7362
S.C.I. at Somerset
1600 Walters Mill Road
Somerset, PA 15510

All counsel of record via CM-ECF